**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

FELIX SKIDE,

    Petitioner,

v.

WARDEN TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:19-cv-59

## **ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Felix Skide ("Skide"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Respondent filed a Motion to Dismiss, and Skide did not file a response, despite being provided with the opportunity to do so and being notified of the consequences of not responding. Docs. 6, 7, 10. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's unopposed Motion to Dismiss, **DENY** Skide's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Skide *in forma pauperis* status on appeal.

### **BACKGROUND**

Skide was convicted in the Southern District of Florida of use of unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(2) and (b)(2). Doc. 1 at 1. Skide was sentenced to 37 months' imprisonment and has a projected release date of July 9, 2021, via good conduct time. Doc. 6-1 at 7, 8.

As a result of disciplinary hearing proceedings based on a Code 113 offense for possession of synthetic marijuana, Skide was sanctioned with the loss of 41 days' good conduct time, the forfeiture of 54 days' non-vested good conduct time, placement in disciplinary segregation for 30 days, and the loss of commissary, phone, and visitation privileges for 6 months. Doc. 6-1 at 14. Skide seeks to have the sanctions lodged against him reversed and his record expunged. Doc. 1 at 8.

## DISCUSSION

In his Petition, Skide asserts a non-Bureau of Prisons' ("BOP") employee imposed these sanctions against him, in violation of his right to due process. Id. at 2, 10. According to Skide, he retains a liberty interest that was taken without due process and by a GEO Group employee rather than a BOP staff member. Doc. 1-1 at 3. Skide contends the BOP failed to abide by its own regulation requiring the imposition of sanctions be done by a BOP employee. Id. at 4.

Respondent avers Skide's due process rights were not violated as a result of the disciplinary proceedings. Doc. 6 at 4–6. In addition, Respondent asserts the Disciplinary Hearing Officer's ("DHO") finding of guilt on the charged offense is supported by some evidence. Id. at 6–7. Respondent also asserts the BOP has the authority to allow contract facilities' employees to conduct disciplinary hearings. Id. at 8–9.

### I. Whether Due Process Requirements were Met

To determine whether Skide's right to due process was violated, the Court must determine what process was owed to Skide.[1] A prisoner has a protected liberty interest in statutory good time credits, and therefore, a prisoner has a constitutional right to procedural due

---

[1] While Skide does not seem to challenge the disciplinary hearing process or the evidentiary bases for the finding of guilt on the charged offense, the Court briefly addresses whether the hearing process or evidentiary bases violated his due process rights.

process in the form of a disciplinary hearing before those credits are taken away or denied. O'Bryant v. Finch, 637 F.3d 1207, 1213 (11th Cir. 2011) (citing Wolff v. McDonnell, 418 U.S. 539, 555–57 (1974)). That due process right is satisfied when the inmate: (1) receives advance written notice of the charges against him; (2) is given the opportunity to call witnesses and present documentary evidence; and (3) receives a written statement setting forth the disciplinary board's findings of fact. Id. (citing Wolff, 418 U.S. at 563–67). Additionally, the Eleventh Circuit has determined an inmate has the right to attend his disciplinary hearing. Battle v. Barton, 970 F.2d 779, 782–83 (11th Cir. 1992). Importantly, an inmate facing disciplinary sanctions is not entitled to the full panoply of rights afforded to criminal defendants. Id.

Skide was charged on October 16, 2018 with possession of synthetic marijuana. Doc. 6-1 at 3. A correctional staff member prepared an incident report, and Skide was given a copy of the incident report the following day. Id. After the Unit Discipline Committee ("UDC") referred the matter, DHO Roger Perry conducted a disciplinary hearing on October 31, 2018. Id. Skide did not request any witnesses or documentary evidence and waived his opportunity to have staff representation during the hearing. Id. Prior to the hearing, Skide was advised of his rights before the DHO on October 23, 2018.[2] Id. & at 12. DHO Perry concluded the greater weight of the evidence supported a finding of Skide having committed the prohibited act as charged. Id. at 4. The DHO Oversight Specialist in Washington, D.C. certified the report complied with due process requirements and the BOP's Program Statement. Id. & at 16.

As set forth in the attachments to the parties' pleadings, the record clearly reflects Skide received the required due process protections. An incident report was issued on October 16,

---

[2] The DHO Report form indicates a copy of the advisement of rights form is attached to that form. Doc. 6-1 at 12. This rights form is not attached to Respondent's submissions. However, the advisement of rights form is not necessary for the Court's resolution of this matter, as Skide does not claim he did not receive proper notice of the disciplinary hearing or of his rights during the disciplinary process.

3

2018, and Skide received this incident report the next day.  Id. at 12.  Skide was advised of his rights before the DHO and received a copy of the notice of hearing and his rights on October 23, 2018.  Id.  The allegations set forth in Skide's incident report were investigated, and he received a DHO hearing on October 31, 2018.  Id.  Skide does not dispute he received advance written notice of the charges and the hearing by virtue of his receipt of the incident report.  Doc. 1.

Skide attended the hearing, and his rights were again read and reviewed with him.  Skide declined to have a staff representative and did not wish to present evidence or witnesses.  Doc. 6-1 at 12. Following the hearing, DHO Perry detailed his factual and legal conclusions, and Skide was provided with the DHO's written report.  Id. at 12–14.  Thus, the well-documented evidence unequivocally demonstrates that Skide received advance written notice of the charges against him, attended the hearing, was given the opportunity to call witnesses and present documentary evidence, and received a written statement setting forth the DHO's findings of fact.

"[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985).  Determining whether the "some evidence" standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Smith v. Sec'y, Fla. Dep't of Corr., 432 F. App'x 843, 845 (11th Cir. 2011).  "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."  Hill, 472 U.S. at 456.  "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators

that have some basis in fact." Tedesco v. Sec'y for Dep't of Corr., 190 F. Appx' 752, 757 (11th Cir. 2006) (internal citation omitted).

The DHO's finding that Skide committed the charged offense of possession of synthetic marijuana is supported by "some evidence." Specifically, DHO Perry considered Skide's denial of the charges, the incident report, a memorandum from Lieutenant K. Henderson, provisions of the D. Ray James Correctional Facility's handbook and policy and procedures manual, and eight still photographs of the synthetic marijuana and positive test results. Doc. 6-1 at 12–13. The record before the Court reveals Skide received all of the due process protections afforded him during the disciplinary proceedings, and any contention to the contrary would be without merit.

## II. Whether the DHO Was Authorized to Impose Sanctions

As pertinent to Skide's Petition, the Court must determine whether DHO Perry was authorized to impose sanctions against Skide. To do so, the Court must look to the applicable statutes and regulations. The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's authority in this area may include contracting out the care of prisoners to private facilities. 18 U.S.C. § 4013(a)(3). The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, 'no federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein.' . . . 18 U.S.C. § 4001(b)(1), [provides] that '[t]he control and management of Federal penal and correctional institutions . . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized as a [f]ederal prison.'

United States v. Cardona, 266 F. Supp. 2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

The BOP has no direct or constructive control over managerial functions at D. Ray James Correctional Facility, and the Court notes that D. Ray James Correctional Facility is not a "federal" prison. However, it must be determined whether staff at D. Ray James Correctional Facility, as a non-federal facility, may nevertheless impose disciplinary sanctions as delegated by the BOP. "It is well-established that federal agencies may not delegate their statutory authorities to private parties. However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" R. & R., Caraballo-Rodriguez v. Pugh, 3:04-cv-81 (S.D. Ga. Mar. 23, 2005) (citing Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003)), ECF No. 12, *adopted by* ECF No. 15 (June 13, 2005).

Here, the BOP is charged with making a final determination as to whether disciplinary proceedings are proper. Because the BOP has retained final decision-making authority in the imposition of disciplinary sanctions, it has not unlawfully delegated its authority to D. Ray James Correctional Facility staff. See 28 C.F.R. § 541 (federal regulations pertaining to inmate discipline); see also Program Statement 5720.09 (stating that it is necessary for institution authorities to impose discipline on those inmates whose behavior is not in compliance with the BOP's rules in order for inmates to live in a safe and orderly environment); Rivera v. Pugh, 3:05-cv-128, 2005 WL 3867482, at *2 (S.D. Ga. Dec. 13, 2005) ("Because the BOP has retained final decision-making authority on the imposition of disciplinary sanctions, it has not unlawfully delegated its authority" to staff at privately-run institutions). In fact, DHO Perry submitted his findings and recommended sanctions to a DHO Oversight Specialist with the BOP's

Privatization Management Branch for review. Gerald Johnson informed DHO Perry the DHO report was reviewed and found to comply with due process requirements and that the recommended sanctions were in accord with Program Statement 5270.09. Doc. 6-1 at 16. Because the BOP properly delegated its authority to D. Ray James staff regarding disciplinary proceedings at that facility, Skide is not entitled to his requested relief on this ground.

Based on these reasons, the Court should **GRANT** Respondent's unopposed Motion to Dismiss and **DENY** Skide's Petition.

### III.   Leave to Appeal *in Forma Pauperis*

The Court should also deny Skide leave to appeal *in forma pauperis*. Though Skide has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Skide's Petition, Respondent's Motion to Dismiss, and the responsive pleading, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Skide *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's unopposed Motion to Dismiss and **DENY** Skide's Petition. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Skide leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Skide and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 25th day of November, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA